**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Tirrell Means, Appellant.

Appellate Case No. 2021-000752

———————

Appeal From Edgefield County
Debra R. McCaslin, Circuit Court Judge,

———————

Unpublished Opinion No. 2023-UP-352
Submitted October 2, 2023 – Filed November 1, 2023

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Michael Tirrell Means appeals his convictions for murder and possession of a weapon during a violent crime and his life sentence. On appeal, Means argues the trial court abused its discretion by admitting graphic photographs of the victim at the scene and an autopsy photograph. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We hold the trial court did not abuse its discretion in admitting the photographs because the photographs corroborated witness testimony, illustrated the circumstances of the crime, were relevant to rebut Means's defense that he acted without malice, and their probative value was not substantially outweighed by the risk of unfair prejudice. *See State v. Wallace*, 440 S.C. 537, 541–42, 892 S.E.2d 310, 312 (2023) ("We will not reverse a trial court's ruling on an evidence question unless we find the court abused its discretion, or . . . unless we find the trial court has not acted within the discretion we grant to trial courts. . . . [A] trial court acts outside of its discretion when the ruling is not supported by the evidence or is controlled by an error of law."); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 27 (2014) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." (quoting *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996))); *id.* at 534, 763 S.E.2d at 28 ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))); *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis."); *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228 (2010) ("Photographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions."); *id.* at 623, 703 S.E.2d at 229 ("[A]utopsy photographs may be presented to the jury in an effort to show the circumstances of the crime and character of the defendant."); *State v. Nelson*, 440 S.C. 413, 423, 891 S.E.2d 508, 513 (2023) ("[P]hotos should not be excluded on the ground they were gruesome when the photos were 'highly probative, corroborative, and material in establishing the elements of the offenses charged.'" (quoting *Collins*, 409 S.C. at 535, 763 S.E.2d at 28)); *State v. Heyward*, Op. No. 28182 (S.C. Sup. Ct. filed Oct. 5, 2023) (Howard Adv. Sh. No. 40 at 11, 24-26) (affirming the admission of autopsy photographs when the photographs illustrated a contested point at trial).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.